# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CARLOS BORGES, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

THE DUDE ABIDES, LLC, d/b/a LENSPROTOGO.

      Defendant.

C.A. No.

## CLASS ACTION COMPLAINT

Plaintiff Carlos Borges ("Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant The Dude Abides, LLC, d/b/a LensProToGo ("Defendant" or "LensPro"), alleges as follows:

## PRELIMINARY STATEMENT

1.    This is a class action brought by Plaintiff on behalf of himself and all others similarly situated who were offered and promised "FREE SHIPPING" when they rented equipment from Defendant, but were, in fact, charged for shipping by the Defendant.

1

2.      Defendant rents cameras and other equipment to consumers. Defendant rents its products to its customers through its website: https://www.lensprotogo.com/. Defendant prominently and repeatedly advertised and represented that it provided "FREE SHIPPING" on all equipment rentals.

3.      Defendant's representations to its consumers that it provided "FREE SHIPPING" on its rentals was unfair, false, deceptive and misleading because Defendant actually charged a higher price for equipment when a customer chose to have it shipped to them than the price Defendant charged if the customer chose to pick up the rented equipment.

4.      Contrary to Defendant's representations of FREE SHIPPING, Defendants have universally charged Plaintiff and members of the Classes (defined below) more for rental of the same equipment shipped to the customer than Defendant charged for the same equipment, for the same period of time, if the equipment was picked up by the customer.

5.      As a direct and proximate result of Defendant's actions, Plaintiff and members of the Classes have been injured because, by paying higher prices for equipment that was shipped, they were actually paying for shipping the equipment despite the Defendant's repeated representation of "FREE SHIPPING". Plaintiff and the Classes have been harmed because they were overcharged by Defendant for the equipment they rented from Defendant.

2

6.     Defendant's conduct alleged herein constitutes unfair and deceptive acts and practices in the conduct of trade and commerce in violation of M.G.L. c. 93A.

7.     Plaintiff seeks in this class action to recover for himself and all members of the Classes the amounts that Defendant charged the members of the Classes in excess of the amounts Defendant charged customers who picked the equipment up at a participating store, or statutory damages under c. 93A, whichever is greater.

## PARTIES

8.     Plaintiff is a resident of Holyoke, Massachusetts.

9.     Defendant The Dude Abides d/b/a LensProToGo is a Delaware limited liability company with its headquarters and principal place of business at 130B Baker Ave Ext, Concord, Massachusetts.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action that seeks certification of classes of consumers; the Classes consist of more than one hundred proposed class members; the citizenship of at least one class member is different from Defendant's citizenship; and the aggregate amount in controversy of the claims of Plaintiff and the putative Classes exceeds $5,000,000, exclusive of interest and costs.

11.     This Court has personal jurisdiction over Defendant because it is located in this District, many of the actions giving rise to the claims at issue took place in this District and Defendant regularly conducts business in this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District, and the claims at issue arise from actions by Defendant causing injury to consumers in this District.

## FACTUAL ALLEGATIONS

### Defendant's False and Misleading Representations of "FREE SHIPPING"

13.     Defendant provides cameras and other equipment for rent for various periods of time to its customers.

14.     To rent equipment from Defendant, customers go to the www.lensprotogo.com website, select the equipment they want to rent, select the dates/number of days they want to rent the equipment and select to either have the equipment shipped to them or to pick up the equipment at a participating store.

15.     Defendant's website prominently and repeatedly advertised and represented that it would ship all of the rented equipment for "FREE".

16.     Contrary to its repeated "FREE SHIPPING" representations, Defendant in fact charged customers a higher price for equipment rentals if a customer chose to have the equipment shipped to them compared to the price

Defendant charged for that same equipment rental if a customer chose to pick up the equipment at a participating store. In other words, Defendant falsely, deceptively and misleadingly represented that shipping was "FREE" and then it unfairly actually charged for shipping by charging more for equipment shipped to the customer than it charged for the same equipment picked up by the customer.

17.     On September 18, 2019, Plaintiff visited Defendant's website to rent a Canon camera from September 23-27, 2019. During the process, Defendant's website indicated that he had the choice to either (i) pick up the rental at a store, or (ii) have the camera shipped to his home. Defendant's website indicated that either option included "FREE SHIPPING". Plaintiff chose the shipped to home option.

18.     On its website Defendant expressly stated that "**FREE SHIPPING is always included in our prices!**"  The screenshot from the website set forth  below shows this misrepresentation at the top of the page:



19.     Below is another instance of where the website prominently represented to customers that rentals had "FREE SHIPPING INCLUDED* *(up to 2d Day Air – Overnight Available)."



20.     As reflected below, in the "Review Items in Cart" step of the checkout

process, Defendant's website itemized the cost for Plaintiff to rent a Canon XF405

camera to be $213.00 for the "Rental Cost", $19.00 for the "Protection Cost" and

"FREE" for the "Shipping", for a Subtotal of $232.00, "+ Tax".  This is seen in the

screenshot below:



21.     The shipping was not "FREE." In fact, Defendant was offering at the same time, to rent the exact same camera, for the exact same rental period, for a "Rental Cost" of **$173.00,** plus the same "Protection Cost" of $19.00, for a Subtotal

of $192.00 "+ Tax" if Plaintiff had selected the "pickup order" option. Below is a screenshot of the same camera price breakdown had Plaintiff had proceeded with the "pickup order" option.



22.     Plaintiff wanted and needed the camera to be shipped to his home.  This

meant that he would be paying $40.00 more than if he had chosen to pick up the

camera. In other words, the Defendant in fact was charging the Plaintiff $40.00 for the camera to be shipped to his home, despite Defendant's repeated promises and representations that shipping was "FREE".

23.     Subsequent to his submitting that rental through the website, Defendant called Plaintiff to inform him that the camera he had selected was not available and it would provide him with another camera model, a Canon XA45. Plaintiff was charged a total of $153.13 to rent the Canon XA45 camera, with the camera shipped to his home. This consisted of a $143.00 charge for the camera, $12.00 for a Protection Plan, $8.31 tax and then a $10.00 credit. A breakdown of these charges is reflected below:

| Item | Qty | Prot Plan | Price |
|---|---|---|---|
|  **Canon XA45** | 1 | Basic $12.00 | $143.00 |

|  |  |
|---|---|
| Subtotal | $155.00 |
| Tax | $8.31 |
| Shipping | $0.00 |
| Total Gear Credits | $163.31 |
| **Grand Total** | -$10.00 |
|  | **$153.31** |

24.     Defendant was renting that same camera, for the same period of time, for $120 plus tax (instead of the $155 plus tax charged to Plaintiff) for a customer who picked up the camera at a participating shop. As a result, Defendant in fact charged Plaintiff $35.00 more for the camera he rented solely because Plaintiff had the camera shipped to his home. In other words, the Defendant in fact charged the Plaintiff $35.00 for the camera to be shipped to his home, despite Defendant's repeated promises and representations that shipping was "FREE".

25.     This demonstrates that shipping was not in fact "FREE" as Defendant prominently and repeatedly claimed on its website. Rather, Defendant had included the cost of shipping within the higher price of the rental itself while still telling customers that shipping was "FREE". As a result of this unfair, deceptive and misleading practice, Plaintiff paid $35.00 for shipping which Plaintiff had promised would be "FREE".

26.     Plaintiff had initially been deceived by Defendant's representations that shipping was "FREE".  However, he subsequently noticed that the Rental Cost for cameras that were to be shipped to the customer was higher than the Rental Cost of cameras to be picked up by the customer. Plaintiff nevertheless rented the camera for the higher Rental Cost for cameras that would be shipped. He did so because he needed to get the camera soon and needed and wanted it to be shipped to him.

27.    The Defendant charged the Plaintiff $35.00 to ship the camera to him. It was an unfair and deceptive practice, in violation of c. 93A, § 2, for the Defendant to do so.

28.    Defendant's practice of advertising FREE SHIPPING but charging more for shipped items was not limited to Plaintiff.  Defendant universally advertised FREE SHIPPING on all its equipment rentals on its website for all customers and then charged those customers who chose to have the equipment shipped to them a higher price for the rentals than it charged customers who chose to pick up the equipment. Defendant charged all it customers who had the equipment shipped to them for shipping despite its repeated and consistent representations that it was providing "FREE SHIPPING". Plaintiff's claim and the claim of all members of the proposed Classes arise from a single course of conduct engaged in by Defendant.

29.    Defendant made the false and misleading representations that its rentals included FREE SHIPPING from its headquarters in Massachusetts.

30.    Defendant decided and determined to make its false and misleading representations that its rentals included FREE SHIPPING at Defendant's headquarters in Massachusetts.

31.    Defendant made the decision to charge more for rentals that were shipped to its customers than it charged for rentals that would be picked up by the customers, despite Defendant's repeated representations that is was providing "FREE SHIPPING", at Defendant's headquarters in Massachusetts.

32.     Defendant's unfair, false, deceptive and misleading practices of representing all its rentals as including FREE SHIPPING and charging more for shipped rentals did not vary based on where the customer lived or had the rental shipped to them.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above.

34.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 and G.L. c. 93A, §§ 2, 9, on behalf of himself and a class (the "Nationwide Class") of:

> All persons in the United States who have rented equipment from Defendant and who selected the shipping delivery option, between August 18, 2016 and the date, presently unknown to Plaintiff, when LensPro ceased making the false representation on its website that shipping was free.

35.     Plaintiff also brings this action pursuant to Federal Rule of Civil Procedure 23 and Massachusetts General Laws Chapter 93A, §§ 2, 9, on behalf of himself and a class (the "Massachusetts Subclass") consisting of:

> All persons in Massachusetts who have rented equipment from Defendant and who selected the shipping delivery option, between August 18, 2016 and the date, presently unknown to Plaintiff, when LensPro ceased making the false representation on its website that shipping was free.

14

36.     The Nationwide Class and Massachusetts Subclass are referred to herein as the "Classes".

37.     Excluded from the Classes is Defendant and its officers, directors, partners, employees, any affiliated companies or entities Defendant controls.

38.     Plaintiff reserves the right to amend the definition of the Classes.

39.     This action is properly maintainable as a class action.

40.     Plaintiff is similarly situated to the members of the Classes because, like each member of the Classes, Plaintiff rented equipment that was represented as having FREE SHIPPING when in fact Defendant charged Plaintiff and the members of the Classes for shipping.

41.     Tens of thousands of consumers have rented equipment from Defendant through Defendant's website which is accessible to consumers throughout the United States.  The Defendant has told Plaintiff, through counsel, that Defendant has rented cameras and other equipment to over 3,500 customers located in Massachusetts since October 2015. *See* Exhibit B at 5. The members of the Classes are so numerous that joinder of all members would be impractical.

42.     Common questions of law and fact exist as to all members of the Classes and predominate over any questions solely affecting individual members of the Classes.  Among the questions of law and fact common to the Classes are:

      a. Whether Defendant's representations regarding FREE SHIPPING were false, deceptive and misleading?;

15

b.  Whether a reasonable consumer would be deceived or misled by Defendant's representations that shipping was FREE?;

c.  Whether the representation that shipping was FREE would be material to a reasonable consumer?;

d.  Whether Defendant had knowledge that its representations that it offered FREE SHIPPING was false, deceptive and misleading?;

e.  Whether Defendant's representations that all rental equipment included FREE SHIPPING constituted unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Chapter 93A, §§ 2, 9?;

f.  Whether Defendant's charging the Plaintiff and the members of the classes more to rent equipment shipped to them than it charged for the same equipment picked up by the customer was an unfair practice in the conduct of trade or commerce in violation of Chapter 93A, §§ 2, 9?;

g.  Whether and the extent to which Plaintiff and the Classes were harmed by Defendant's false, deceptive and misleading representations that rentals included FREE SHIPPING?;

h.  Whether Defendant's conduct was knowing and willful?;

i.  The proper measure of damages; and

j.  Whether Plaintiff and the Classes are entitled to multiple damages under c. 93A?

43.  Plaintiff's claims are typical of the claims of the Classes because, like each member of the Classes, Plaintiff rented equipment that was represented as having FREE SHIPPING when in fact Defendant charged Plaintiff for shipping. Accordingly, Plaintiff is entitled to the same relief as the members of the Classes. Defendant's unfair, false, deceptive and misleading practices of representing that all its rentals included FREE SHIPPING and nevertheless charging more for shipped rentals was a uniform practice that Defendant applied with respect to all of its customers throughout the United States. It did not vary based on where the customer lived or where the customer had the rental shipped.

44.  Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained counsel with extensive experience prosecuting consumer class actions, and who, with Plaintiff, are fully capable of, and intent upon, vigorously prosecuting this action.  Plaintiff does not have any interest adverse to the members of the Classes.

45.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Furthermore, the damage that has been suffered by any individual member of the Classes is likely not substantial, and the expense and burden of individual litigation would make it impracticable for all

members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

46.     The prosecution of separate actions by members of the Classes against Defendant would create a risk of inconsistent or varying adjudications with respect to individual class members which could establish incompatible standards of conduct for Defendant. In addition, adjudications with respect to individual Class Members could, as a practical matter, be dispositive of the interests of the other members of the Classes not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

47.     The members of the Classes are readily identifiable through Defendant's records, and Plaintiff is a member of the Classes.

## COUNT I

### (Violation of M.G.L. c. 93A on behalf of Plaintiff and the Classes)

48.     Plaintiff incorporates the forgoing allegations as if fully set forth herein.

49.     At all relevant times, Defendant was engaged in trade or commerce within the Commonwealth of Massachusetts.

50.     By conducting the unfair and deceptive practices described herein in Massachusetts and by disseminating its unfair, deceptive, false and misleading representations that it provided FREE SHIPPING on all rental equipment from Massachusetts, Defendant has engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Chapter 93A, § 2.

51.    As alleged above, Defendant conducted these actions from its headquarters in Massachusetts, and therefore it is liable under 93A to all members of the Nationwide Class regardless of whether they reside in or received the rental in Massachusetts.

52.    Defendant's conduct was objectively false, misleading and deceptive, and had the capacity to deceive reasonable consumers under the circumstances. The fact that Defendant charged more for rentals when a customer selected the FREE SHIPPING option was a material fact that a reasonable consumer would attach importance at the time of purchase.

53.    By engaging in the conduct described above, Defendant violated as least the following regulations promulgated by the Massachusetts Attorney General pursuant to M.G.L. c. 93A, § 2(c):

   a.  940 C.M.R. 3.04, which states, in part:

       No claim or representation shall be made by any means which has the capacity or tendency or effect of deceiving buyers or prospective buyers as to the value or the past, present, common or usual price of a product, or as to any reduction in price of a product, or any saving relating to a product.

   b.  940 C.M.R. 3.05(1), which states:

       No claim or representation shall be made by any means concerning a product which directly, or by implication, or by failure to adequately disclose additional relevant information, has the capacity or tendency or effect of deceiving buyers or prospective buyers in any material respect. This prohibition includes, but is not limited to, representations or claims relating to the construction, durability, reliability, manner or time of

performance, safety, strength, condition, or life expectancy of such product, or financing relating to such product, or the utility of such product or any part thereof, or the ease with which such product may be operated, repaired, or maintained or the benefit to be derived from the use thereof.

c.  940 C.M.R. 3.13(1)(a)(1), which states:

It is an unfair and deceptive act or practice for any person subject to 940 CMR 3.13. . . to fail to disclose to a buyer prior to any agreement the price or cost of any services to be provided

d.  940 C.M.R. 3.13(2) which makes any act or practice a violation of

93A if it:

**Represent[s] or impl[ies] that the price of the product includes certain services, such as delivery**, installation, service or adjustments, or includes parts or accessories **when such is not the case.** (emphasis added).

e.  940 C.M.R. 3.16(1)-(2), (4) which make any act or practice a violation

of Chapter 93A, Section 2 (and thus Section 9) if:

(1) It is oppressive or otherwise unconscionable in any respect; or

(2) Any person or other legal entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction . . . .

f.  940 C.M.R. 6.03(2), which states:

Sellers shall not use advertisements which are untrue, misleading, deceptive, fraudulent, falsely disparaging of competitors, or insincere offers to sell.

g.  940 C.M.R. 6.04(1)-(2), which state:

(1) Misleading Representations. It is an unfair or deceptive act for a seller to make any material representation of fact in an advertisement if the seller knows or should know that the material representation is false or misleading or has the tendency or capacity to be misleading, or if the seller does not have sufficient information upon which a reasonable belief in the truth of the material representation could be based.

(2) Disclosure of Material Representations. It is an unfair or deceptive act for a seller to fail to clearly and conspicuously disclose in any advertisement any material representation, the omission of which would have the tendency or capacity to mislead reasonable buyers or prospective buyers. . .

54.     The violations of Chapter 93A by Defendant in connection with its representing rentals as including FREE SHIPPING as described herein were done willfully, knowingly, and in bad faith.

55.     As a direct and proximate result of Defendant's conduct in connection with its false, misleading and deceptive FREE SHIPPING representations alleged herein, Plaintiff and the Classes were injured.

56.     Plaintiff and the other members of the Classes have suffered ascertainable losses, which include but are not limited to, the difference in price between the amount Defendant charged for a shipped rental and the amount charged for the same rental picked up at a participating store. Accordingly, Plaintiff and the other members of the Classes were injured by, and Defendant is liable for, Defendant's actions in violation of Chapter 93A.

## Plaintiff's G.L. c. 93A Demand to Defendant and Defendant's Response

57.    On October 18, 2019, Plaintiff, through counsel, sent a demand letter (the "Demand Letter"), pursuant to G.L. c. 93A, to Defendant regarding its unfair, false, deceptive and misleading representations to customers that all equipment rentals came with FREE SHIPPING when in fact Defendant charged a higher price for shipped rentals. The Demand Letter is attached hereto as Exhibit A.

58.    In the Demand Letter, Plaintiff demanded relief under c. 93A for himself and all customers of Defendant in the United States to whom Defendant had shipped the rented equipment.   Plaintiff demanded that Defendant pay each such customer in the amount that customer had paid Defendant for shipping the equipment, or the minimum $25 statutory damages under c. 93A, whichever was greater.

59.    On November 15, 2019, Defendant, through counsel, responded to Plaintiff's demand letter (the "Response Letter").  A copy of the Response Letter is attached hereto as Exhibit B.

60.    In the Response Letter, the Defendant purported to make a settlement offer, but that settlement offer was not reasonable under all of the circumstances for many reasons, including but not limited to:

      a.  The Defendant did not offer to settle with or provide any relief to any of its thousands of customers throughout the United States,

other than those who reside in or had their equipment shipped by Defendant to an address in Massachusetts.

b.  The Defendant expressly limited its offer to settle ONLY with Massachusetts residents who had been unfairly charged for shipping, despite Defendant's representations of "FREE SHIPPING", and who could and would attest:

   i.  that "if the claimant had known that the pickup price could have been lower than the delivered price, the class member would have picked up the item instead of having it delivered." Exhibit B at 6; and

   ii.  the customer would have to specify in the affidavit "the location where the claimant would have picked up the item from among the specific pickup locations at which the lower pick-up price would have been available…" *Id.*

c.  As so limited, the Defendant's settlement offer was unreasonable because it did not offer any relief even to all of its Massachusetts customers who paid Defendant for shipping despite Defendant's repeated representations and promises that it would not charge for shipping and that shipping was "FREE".

d.  As Plaintiff's Demand Letter made clear every customer of the Defendant who had the equipment shipped to the customer is legally

23

entitled to a return of the amount the Defendant, in fact, charged and collected from the customer for shipping. This is the case whether or not the customer would have chosen to pick up the equipment had the customer, despite Defendant's misrepresentations, known that Defendant was charging for shipping.

e.   Hence, the Defendant's settlement offer in its Response Letter, by failing to offer relief to all of its customers, both in Massachusetts and throughout the United States, was utterly inadequate and unreasonable in relation to the injury actually suffered by Plaintiff and the members of the Classes.

f.   It is also apparent that Defendant's settlement offer, even for its customers who could and would execute the affidavit required by Defendant, was made in bad faith. As reflected in the Response Letter, the settlement, offered for those limited number of Defendant's customers in Massachusetts, set forth a procedure that would not be presented to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rather, the process of notifying Defendant's customers, obtaining claims and affidavits from the customers, vetting those claims and paying approved claims, would all be administered by an Administrator paid for and controlled by Defendant. Accordingly, Defendant could have

implemented that proposed settlement with its customers who could and would execute the affidavit required by Defendant, without any submission to or approval by the Court, and without any input from or "acceptance" by Plaintiff, who, as previously noted, could not and would not execute the required affidavit for Defendant's proposed settlement.

g. Defendant sent its Response Letter on November 15, 2019. On information and belief, the Defendant has not, in the ensuing seven months, acted to pay back the shipping fees which it unfairly charged to even the limited number of its customers in Massachusetts who could and would execute its required affidavit, as set forth in the Response Letter. This further demonstrates that Defendant's settlement offer in the Response Letter was made in bad faith.

61.     As a result of the conduct described herein, Defendant violated Chapter 93A and is liable to Plaintiff and the members of the Classes for the amount Defendant charged each of them for shipping, or $25, whichever is greater.

62.     Furthermore, the Defendant is liable to the Plaintiff and each member of the Classes for up to three times the amount that Defendant charged each of them for shipping due to the Defendant's knowing and willful violation of c. 93A and due to the Defendant's failure to make a reasonable offer of settlement in response to

Plaintiff's Demand Letter, together with all related court costs, attorneys' fees, and interest.

## Jury Demand

Plaintiff demands a trial by jury on all claims so triable.

## Prayers for Relief

WHEREFORE, Plaintiff prays for relief in the form of an order as follows:

1) Allowing this action to proceed as a class action under Federal Rule Civil Procedure 23 and Massachusetts G.L. c. 93A, §9;

2) Determining that Defendant's conduct as described herein, and as will be established at trial, violated c. 93A;

3) Awarding actual or statutory damages to Plaintiff and the members of the Classes as a result of its violations of the law;

4) Awarding Plaintiff and the class members further monetary damages including treble damages, interest, and costs;

5) Awarding counsel for the Plaintiff and the Classes their reasonable attorneys' fees and costs; and

6) Any such other and further relief which the Court finds just and proper.

Dated:  August 18, 2020                    By his attorneys,


                                           */s/ Edward F. Haber*
                                           Edward F. Haber (BBO# 215620)
                                           Michelle H. Blauner (BBO# 549049)
                                           Adam M. Stewart (BBO# 661090)
                                           SHAPIRO HABER & URMY LLP
                                           Seaport East
                                           Two Seaport Lane
                                           Boston, MA 02210
                                           Telephone: (617) 439-3939
                                           Facsimile: (617) 439-0134
                                           ehaber@shulaw.com
                                           mblauner@shulaw.com
                                           astewart@shulaw.com

                                           *Counsel for Plaintiff Carlos Borges and
                                           the Putative Classes*